FILED
2022 Dec-14  PM 03:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Case No.: 1:22-cr-418-RDP-NAD |
| YAMINE MARIE ADEL HIDER, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## STANDING BRADY DISCOVERY ORDER

On October 21, 2020, the President signed the Due Process Protections Act (DPPA), Public Law No. 116-182, 134 Stat. 894 (2020), which amends Federal Rule of Criminal Procedure 5 and became effective immediately. Rule 5(f) now reads: "In all criminal proceedings, on the first scheduled court date when both prosecutor and defense counsel are present, the judge shall issue an oral and written order to the prosecution and defense counsel that confirms the disclosure obligation of the prosecutor under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and the possible consequences of violating such order under applicable law."

To effect the DPPA and Rule 5(f) in all criminal cases,

THE COURT HEREBY ORDERS:

Pursuant to the Due Process Protections Act, the Court confirms the United States' obligation to disclose to the defendant all exculpatory evidence- that is, evidence that favors the defendant or casts doubt on the United States' case, as required by *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny and ORDERS the United States to do so. The government has a duty to disclose any evidence that goes to negating the defendant's guilt, the credibility of a witness, or that would reduce a potential sentence. The defendant is entitled to this information without a request. Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court."

**DONE** and **ORDERED** this December 14, 2022.

_____
**NICHOLAS A. DANELLA**
UNITED STATES MAGISTRATE JUDGE