# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:22-cr-00418-RDP-NAD |
| ) | |
| YASMINE MARIE ADEL HIDER ) | |

## ORDER GRANTING DEFENDANT'S
## UNOPPOSED MOTION TO CONTINUE

Defendant Hider's unopposed motion to continue (Doc. 15, filed January 17, 2023) is **GRANTED**.  This case is **RESET** for the court's **June 5, 2023** trial docket. By separate order, a United States District Judge will set the trial date.

Based on the factual findings below, the time from the date of this order until **June 5, 2023**, is excluded pursuant to 18 U.S.C. § 3161(h)(7)(A).

In addition, the deadline for pretrial motions is extended to **May 15, 2023**, with any responses due on or before **May 22, 2023**.  The parties shall notify the court on the earliest practicable business day that counsel are able to determine whether the case is to be placed on the consent docket or scheduled for trial; but, in either event, the parties shall notify the court on or before **May 15, 2023**.

## LEGAL STANDARD

Under 18 U.S.C. § 3161(h)(7)(A), the "periods of delay" that "shall be excluded" in "computing the time within which the trial of [a] [criminal] offense must commence" include "[a]ny period of delay resulting from a continuance

1

granted by any judge . . . at the request of the defendant or his counsel," if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.*[1]

Furthermore, under 18 U.S.C. § 3161(h)(7)(B)(iv), the "factors" that a "judge shall consider in determining whether to grant [such] a continuance" include "[w]hether the failure to grant such a continuance in a case . . . would deny counsel for the defendant" the "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.*; *e.g.*, *United States v. Davenport*, 935 F.2d 1223, 1229, 1235–36 (11th Cir. 1991).

## FACTUAL FINDINGS

The undersigned **FINDS** that the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

The undersigned also **FINDS** that the failure to grant this continuance would deny Defendant's counsel the reasonable time necessary for effective preparation,

---

[1] "No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A); *see infra*.

taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

In this regard, based on Defendant's motion, and notice of waiver of rights under the Speedy Trial Act (Doc. 15 at 2–3), the undersigned **FINDS** (1) that the discovery in this case is voluminous, and to date Hider's counsel has received over 65 gigabytes of discovery including documents, videos, audio recordings, photos, and mobile phone extractions, (2) that Hider's counsel requires significant time to process and review the discovery with Ms. Hider, and (3) that, despite the exercise of due diligence, the Federal Public Defender's Office requires additional time to complete its investigation, to confer with Ms. Hider, and to prepare the constitutionally required defense.

## CONCLUSION

For the reasons stated above, Defendant's motion to continue is **GRANTED**.

**DONE** and **ORDERED** this January 18, 2023.

_____
**NICHOLAS A. DANELLA**
UNITED STATES MAGISTRATE JUDGE